UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHELLE WESTON, | No. 2:15-cv0239 CKD P |
| Plaintiff, | |
| v. | ORDER |
| KRISTIN CRUZ, | |
| Defendants. | |

Plaintiff is a state prisoner seeking relief pursuant to 42 U.S.C. § 1983, and proceeding in forma pauperis. Plaintiff has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

On April 8, 2015, plaintiff's complaint was dismissed with leave to amend. Plaintiff has now filed an amended complaint, and a second amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1 | Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2 | indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3 | 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
4 | pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5 | Cir. 1989); Franklin, 745 F.2d at 1227.

6 | A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
7 | which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
8 | support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467
9 | U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
10 | Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under
11 | this standard, the court must accept as true the allegations of the complaint in question, Hospital
12 | Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
13 | most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
14 | McKeithen, 395 U.S. 411, 421 (1969).

15 | In her amended complaint, and second amended complaint, plaintiff again challenges the
16 | fact that she is in custody. As the court informed plaintiff when the court dismissed her original
17 | complaint, when a prisoner challenges the legality of custody and the relief sought is earlier or
18 | immediate release, the sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411
19 | U.S. 475, 500 (1973). Further, the court cannot grant federal habeas relief until state court
20 | remedies have been exhausted with respect to the claim provided a basis for relief. See Picard v.
21 | Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). To
22 | the extent the claims raised in plaintiff's complaint imply the invalidity of her incarceration, the
23 | claims are barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994).

24 | Plaintiff also asserts she has been denied adequate medical care, but her claims are vague.
25 | Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation
26 | of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-
27 | 05 (1976). An individual is liable for such a violation only when the individual is deliberately
28 | /////

2

indifferent to a prisoner's serious medical needs.  Id.  Plaintiff has not alleged facts demonstrating deliberate indifference by a defendant to a serious medical need.

For these reasons, plaintiff's amended, and second amended complaints must be dismissed.  The court will, however, grant plaintiff one last opportunity to amend.

Along with the instructions included above, plaintiff is again informed that if she chooses to file a third amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the third amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is again informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's amended and second amended complaints (ECF Nos. 11 & 15) are dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the

1 docket number assigned this case and must be labeled "Third Amended Complaint";
2 failure to file a third amended complaint in accordance with this order will result in a
3 recommendation that this action be dismissed.
4 Dated: August 24, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
west0239.dis