UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHELLE WESTON, | No. 2:15-cv-0239 CKD P |
| Plaintiff, | |
| v. | ORDER |
| KRISTIN CRUZ, | |
| Defendants. | |

Plaintiff is a state prisoner seeking relief pursuant to 42 U.S.C. § 1983, and proceeding in forma pauperis. Plaintiff has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

On August 24, 2015, plaintiff's amended and second amended complaints were dismissed with leave to amend. Plaintiff has now filed a third amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5    Cir. 1989); Franklin, 745 F.2d at 1227.

6         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

7    which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

8    support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

9    U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

10   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

11   this standard, the court must accept as true the allegations of the complaint in question, Hospital

12   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

13   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

14   McKeithen, 395 U.S. 411, 421 (1969).

15        In her third amended complaint, plaintiff again challenges the fact that she is in custody.

16   On two occasions, the court informed plaintiff that when a prisoner challenges the legality of

17   custody and the relief sought is earlier or immediate release, the sole federal remedy is a writ of

18   habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Further, the court cannot grant

19   federal habeas relief until state court remedies have been exhausted with respect to the claim

20   providing a basis for relief.  See Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp,

21   768 F.2d 1083, 1086 (9th Cir. 1986).  To the extent the claims raised in plaintiff's complaint

22   imply the invalidity of her incarceration, the claims are barred by Heck v. Humphrey, 512 U.S.

23   477, 487 (1994).

24        Plaintiff also asserts she has been denied adequate medical care, but her claims are still

25   too vague.  Denial or delay of medical care for a prisoner's serious medical needs may constitute

26   a violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429

27   U.S. 97, 104-05 (1976).  An individual is liable for such a violation only when the individual is

28   /////

deliberately indifferent to a prisoner's serious medical needs.  Id.  Plaintiff has not alleged facts demonstrating deliberate indifference by a defendant to a serious medical need.

For these reasons, plaintiff's third amended complaint must be dismissed.  Because granting plaintiff leave to file a fourth amended complaint appears futile at this point, leave to amend will not be granted and this action will be closed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's third amended complaint is dismissed; and

2. This case is closed.

Dated:  March 7, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
west0239.dis(1)